The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Peter C. Kavanaugh presiding. Good morning. We'll call 4-23-0143 RMS Insurance Services, Inc. et al. appellants, Donald G. Sattler et al. appellees. Counsel for the appellant, please state your name for the record. May it please the court, Timothy P. Donahue on behalf of the appellant. Good morning, Mr. Justice and Ms. Justice. Thank you, and counsel for the appellee. May it please the court, Attorney Trent Ferguson for the appellees. Thank you. Mr. Donahue, you may proceed. Thank you, Your Honor. This is our appeal from an entry of defendant's motion for summary judgment and the grant with prejudice of defendant's motion under 2615 to dismiss counts 1 through 3 of our amended complaint. Our position is that the trial court erred in granting summary judgment and that there is a genuine issue of material fact that created a triable issue for the court and following that up, we feel or no, we don't feel. Our position is the trial court considered inadmissible evidence in reaching its decision that the trial court erred in its analysis of the just Parker versus House of Lights progeny of cases that consider the substantial truth analysis and that on the 2615, it's very simple. It's a very high hurdle for the movement. It's a very low hurdle for the non-movement and we pleaded fact sufficient to withstand that. Now, going back, I'd like to address the admissibility of the evidence first, if I might. This, if you recall, revolves around two political candidates for a village presidency in Poplar Grove, Illinois. My client, Mr. Costanza, was the incumbent. Mr. Ferguson's client, Mr. Sattler, was the other candidate. Mr. Sattler ended up winning the election in April of 2021 and during the course before and after the campaign, and I'm not going to belabor the point, there was a flyer that was issued that's the subject matter of a good majority of our claims for the defamation and that flyer listed, I think, 13 items, if I remember correctly. Three of them were misdemeanors that were over 10 years old and under Rule 609, for inadmissible. After my brief, I did some more research on that and there's a line of cases that come down as recently as Ori versus the City of Naperville in the 2nd District in May of this year that, as part of its reasoning, held that evidence that would not be admissible at trial is not admissible on a motion for summary judgment, either to support it or oppose it, and my position is that because these are misdemeanors that are not punishable by death or over a year in prison and they're over 10 years old, had this case gone to trial, I would have objected to the introduction of that or the use of that based on that exclusion and my position is most certainly they would not have been admitted because they're more prejudicial than probative. Taking those three criminal charges out of the flyer, moving on to the gist analysis of substantial truth, the court must look at the facts. May I interrupt you for a moment because I don't want you to get past that point without asking this particular question. You indicated earlier that you were going to put to rest the question regarding the admissibility of the criminal convictions and I don't think Rule 609A does that here. It does not prevent the admission of otherwise admissible evidence. It simply relates to how it is to be used or can be used for impeachment purposes in criminal cases. Suppose you had an employment situation where an employer fired an individual for misrepresenting his background, failing to put a 20-year-old felony conviction on his application. Proof of that felony conviction, evidence of the plaintiff's claim, would not be admissible at that trial because it would go towards the merits of the plaintiff's claim. The defendant in that case couldn't say Rule 609 prevents the admission of this evidence because it goes to the merits of the claim. How would you respond to that? I would respond, Your Honor, that my, and I could be mistaken, but my reading of 609 specifically says that a felony such as you said would be admissible because it's punishable by death or it's over a year in prison, but simple misdemeanors would not be. There's no... Make it a 20-year-old misdemeanor. Pardon me? In my hypothetical, make it a 20-year-old misdemeanor. You can make it anything you want beyond the Rule 609 restrictions. Evidence of that prior criminal conviction would actually be going towards the merits of the plaintiff's claim. I don't know how you could say that that would be inadmissible because it would subvert a plaintiff's ability to present a claim like that. Well, I think the civil corollary would be that, let's say it's a DUI, a 20-year-old DUI that doesn't go towards anything regarding someone's ability to be employed by that employer. It's going to be more prejudicial and probative going towards the merits. I mean, I'm not trying to belittle the seriousness of a DUI, but there's no correlation to having a conviction, whether it was by trial or plea, of a DUI offense, which is, I believe, a Class A misdemeanor, to being able to perform a job. So if an applicant was applying for a position as an Illinois State Police Trooper, you're saying it could never be admissible? If I gave the court that impression, that's not what I was saying. I was saying that those particular misdemeanors in Mr. Costanza's case were inadmissible. I don't think I said it could never be inadmissible, and if I did, then I unintentionally misled the court, and that was not my intent. Okay, thank you. So, getting back to, I believe I was on the gist, the highlights that the court must look at are that the very first headline is, my opponent's criminal record is, and it's bookended by two, I'll call them asterisks, that contain bold, uppercase statements saying insurance fraud on each side of it, and then it goes through the litany of what defendants are saying is my client's criminal background, and as we just discussed, our position is the three more-than-10-year-old misdemeanors would not be admissible, and certainly a bankruptcy, a foreclosure, are not even criminal. They're civil, and yes, we all here understand that, but there may be people in the general public, the voting public, that don't know that a bankruptcy is a civil matter, or have not gone through a foreclosure, and don't know that it's not a criminal matter. The intent, the sting of that flyer is that my client is a criminal, and he has defrauded his creditors, he has defrauded his customers, and he's not eligible to hold public office because he's not capable of the public trust, which, after the fact, he's on the village board now, so he was elected, but... Let me ask you a question, Mr. Donahue. Yes, sir. Which of these are the old misdemeanors looking at the flyer? I don't have it in front of me, Your Honor, but I know that there was a plea on a DUI. That was in 2007. I think there was a 1995, either a false report or a bad check. The flyer mentions a false report and a bad check. Yes. Back again to Justice Harris's question, why isn't that fair game in a political campaign? Or you talk about somebody's character when they're holding their character up to the public to be elected. I don't understand why the rules of criminal procedure and admissibility of evidence somehow translate to a civil case where you're saying, you stand up in a public meeting and say, this guy wrote a bad check. It was a long time ago, but he wrote a bad check. That shows poor judgment. This guy filed a false report in Boone County a number of years ago, but it shows bad judgment. I don't get that as being defamatory, since it's true, in part. Is your point that labeling this as criminal record is what really makes it misleading? Yes. Civil stuff intermixed. Correct. It's the highlight of the article and the gist of the article is this man is a criminal. Three misdemeanors over a span of 20 years. I don't think anyone in the general sense of it would consider that man to be a criminal when there's, and I know this is probably, but there are tens, there are 20,000s of people in our state that get charged and convicted with DUIs every year. Yes, if it was going to be a police officer, someone that's going to be driving around in a patrol car, that's an issue. Someone that's going to be given the powers of arrest and carry a firearm, that's an issue. But someone who's selling insurance, I don't think it's an issue. I think it's more prejudicial than probative. While there is the public figure aspect of it, the May 11th order on the slap motion addressed the privilege and the protective speech and that it was a limited privilege and that the lawsuit was not meritless because there were some damages alleged based on the actions of the defendants. Let me ask you, the probative, the prejudicial outweighs the probative. How is that applicable in civil cases? Can you give me an example of where that comes up in a civil case? I think there's a case that it was against, I can't remember. I have it in my notes. I believe it was it involved Jewel Food Stores and there was a line, I might be able to find it in my rebuttal. It said that there was a civil corollary to the Rule 609. I apologize, I can't remember the name of the case at this point. I do have it in my notes. What's untrue about the statement, my opponent criminal record is? Followed by the points that it is followed by, pleads guilty to this and that. What makes the blanket statement, my opponent's criminal record is followed by points of criminal convictions? Are you making a distinction between misdemeanor felony, supervision? Where's the line? I think that there's definitely a line in that setting aside on that waving my argument that I don't think it's admissible, but I know that at least one of those was resolved with the payment of a fine and another one was a supervision. I think one was a conditional discharge. That is a conviction. I'm not going to argue that that isn't. I have to I'm not trying to mislead the court, but what's false about the rest of that flyer is it says my client's criminal record is and then there are a number of civil items. The foreclosure is not criminal. Even the proceedings in the insurance or their administrative hearings, they weren't criminal and there were no allegations of insurance fraud. Never been charged with insurance fraud. Yeah, I understand. I mean, it's clearly can be misleading, but when we read the actual bullet points and the language is pretty clear, we're talking about terminations, foreclosure, bankruptcies filed, pleads guilty to drunk driving. I mean, there's legal terms that have real meaning and consequences that we all understand. So I guess what I'm alluding to is the fact that it states that this is the criminal record. Well, it is your client's criminal record in the sense that it bullet points a couple of pleas of guilties, which are convictions. Now, it does throw some other items in there, but I'm trying to suss out for myself if anything of that was not true. Well, the insurance fraud bullet points are not true. Absolutely not true. He's never been charged with insurance fraud. He's never been alleged to have committed insurance fraud. He's never been convicted of insurance fraud. Right. OK. So your reply is that in the context of a criminal record, it shouldn't be under the bullet point of criminal record. But the language, when we drill down and read it, says he was terminated from the insurance company for misrepresentation. If I could be heard further on that. Yeah, please. One of our exhibits is, if we're talking about the Liberty Mutual Insurance termination, that was, he was terminated. My understanding was that it's the fraud was just, you know, you could click there or other, as you can see from the exhibit. However, there's also an exhibit in there from, I believe, our response to Mr. Ferguson's motion for summary judgment that stated that the Illinois Department of Employment Security in Mr. Costanza's unemployment case ruled that Liberty Mutual did not have sufficient evidence to support the allegations of fraud. So at the end of the day, it didn't suss out. And then that really becomes a corollary to, like, an arrest where a client was not convicted. And, you know, it becomes a termination. I mean, and I don't want to sound flippant, but it's like, so what? If the evidence wasn't there and Liberty Mutual gets to call the shot as to what their reason is for dismissing them and there's no evidence to sustain that, then that's not true. I mean, that's... Well, I think you've got to read the language. And I know we still have this argument that we're saying it's not a part of his criminal record that he was fully appointed in 1999. Is there anything there that's false? Terminated from Liberty Insurance for fraud misrepresentation. Was he terminated? He was terminated. And the reason they cited was in a box of possible reasons, and they clicked fraud. But, I mean, that's half the story. Because when it was sussed out there was no fraud found. So their reasoning while they may have thought at the time, wasn't sustained. How about terminated from RMS Service Group for misappropriating company funds? That was heavily litigated in the Circuit Court of Cook County and that was... He was terminated and I believe that he was terminated it was an allegation from a letter from his employer who did not have an insurance license. And Mr. Costanza's allegations in the Circuit Court of Cook County were that the non-licensed partner was embezzling funds from the company. And they ended up going their separate ways and the company was dissolved. But Mr. Costanza never lost his personal license and restarted the company after he got rid of this person. And it was, I believe if I'm not mistaken, Mr. Ferguson included the complaint in part of his exhibits. We didn't do it because we didn't feel it was relevant to what we were presenting to the Circuit Court in the 17th District or Circuit. Anything else Councilor? I want to address the 2615. I mean for a second, I don't know if it's for a second, but we put an affidavit in opposition to the summary judgment. The defendants did not supply an affidavit either with their motion or with their reply. So our position is that affidavit is admitted for purposes of the motion for summary judgment. Now moving along to the... If you want to just briefly finish that point and you'll be out of time. All right. It's just if there's a affidavit in support of summary judgment that's uncontradicted, it's taken as true. There's nothing that doesn't sit silent as to an opposition, but they didn't put up an affidavit. Thank you, Mr. Donohue. Thank you, Your Honor. Thank you, panel. I appreciate the time and the opportunity to be heard. Very well. Mr. Ferguson for the appellee? Yes. Thank you, Your Honor. Regarding the Rule 609, it's our position that the first sentence of that rule lays it out. It's for purpose of attacking the credibility of a witness. Here it's being used as a defense so it would be admissible. Regarding the gist, we believe it's somewhat correct what the appellant is stating. It goes towards the alleged lack of integrity of Mr. Costanza, but it's broader than what they're saying. It's that he's not worthy of the people's trust, that he's had trouble in managing his personal finances, other people's monies. He was terminated for employment for fraud and misrepresentation. He's unable to follow the law, both personally and with his businesses, and just has a general record of being untruthful. So it all goes towards... Is it a bad idea, then, to have in bold letters at the top of the criminal record? I agree. If the client came to me ahead of time and sought my advice, I would advise him not to do that, but it's still... Clients can never come to you ahead of time, do they? Correct. It's very rare, but that's why we're very busy. But I do think, as the trial court pointed out, and I think it's very obvious, that people are educated enough to the point that no reasonable person would think that a home foreclosure or an employment termination is a criminal matter. Again, the gist is broader than just having a criminal record. It's the criminal record on top of them not handling funds properly, not obeying the law, not being able to run a business properly. Should this person... Should we trust him to run our village? And that's what the gist is. And all these matters, the specific bullet points being admitted as true, lead right towards that conclusion, which is the appellant doesn't have the integrity to hold office, or shouldn't, in the voters' eyes. Let me ask this question then. With this inartful caption or language, is that enough to justify the denial in and of itself of the granting of the motion for summary judgment? Should it have been denied based upon this issue? Should this go to a jury? No. Because it just has to... It's very clear. There's no issue that each of the bullet points are correct and, in fact, that there is a criminal record. I don't believe a reasonable jury could find that any of these allegations are defamatory. If Mr. Casanza did not have a criminal record, then we would have a problem. But he does have a criminal record, and a reasonable person could very easily mete out what is criminal and what is civil. I guess the concern would be that the caption, the language, my opponent's criminal record is, is that in and of itself enough to deceive to the point that it's an untruth, it's a lie, it's a malicious defamation? No, and that would be the standard malicious defamation. Again, Mr. Casanza does have a criminal record, and that's set forth and that's been admitted through multiple verifications, statements of the party himself. So that's the issue. They can see he has a criminal record and a reasonable person could mete out what, in fact, is the sting is not just a criminal record, the sting is more the truthfulness of the appellate. If I can just move on, maybe regarding the affidavit, the 1-109 affidavit, it was not responded to. It's our position that the affidavit was improper. Such an affidavit is supposed to rely solely on the personal knowledge of the affiant, and here it was just conclusions of law and restatement of trial court holdings or findings. So there's no factual basis in that affidavit from the affiant's personal knowledge that had to be rebutted, and therefore the trial court ruled correctly. And that's basically what it all comes down to is substantial truth. If there's substantial truth, all the counts in the complaint must fail. There's no defamation, there's no tortious interference with perspective or current business relations, and that's it. People have a right to go around telling the truth about people, especially in a contested election. I guess that's really our argument, unless there's any questions. Hearing no questions, Mr. Donohue, rebuttal? Thank you, Your Honor. Mr. Ferguson raises an interesting point when he says that there was no dispute as to what occurred with my client regarding the statements on the flyer, but there is an issue here. We have a trial court that in May of 2022 found at least six genuine issues of material fact regarding the question of substantial truth and expressly said in its memorandum that they were questions for the jury. Then 10 months later we have the motion for summary judgment where the trial court, albeit a different judge, said that there were no genuine issues of material fact and entered the motion for summary judgment and granted the motion to dismiss with prejudice on a 2615. I disagree with Mr. Ferguson's assessment that without a defamation there's no tortious interference. The tortious interference was a result of the defendant's actions with the flyer, but we also allege that Lisa Rogers violated the insurance code when she went off and disparaged Mr. Costanza on her own. It's important to remember that this case never got to issue. The only pleading in front of the court was our amended complaint because it supplanted our original complaint, which was a technical amendment to include defamation per se. We have really a paucity of evidence here in front of the trial court that required the trial court in January of 2023 to go beyond the scope of the purpose of a summary judgment, which is just to determine if a genuine issue of material fact exists, and started making conclusions and determining questions of fact in its 16-page order on January 23rd and made a conclusion that Owen Costanza is a criminal, made a condition that he'd committed fraud, with no evidence in front of him except that flyer and some documents that really, in all honesty, haven't been authenticated and there's been no denials by the defendant in a pleading. We have one pleading in front of the court. We have two judges in the same district court that have gone 180 degrees opposite on the same issues, which under the Petrovich case by our Supreme Court says creates a genuine issue of material fact. And the question of substantial truth is a jury question, and it's our position that the trial court went outside of and misapplied the GIST slash Parker v. House of Lights analysis to turn it into a question of law. So I don't think you can, on a motion for summary judgment, come in and say all right, I've looked at everything and I conclude that no reasonable jury would come to this conclusion. There's no evidence in front of the court. It wasn't an evidentiary hearing. There was no testimony. We have our pleading, their motions, our affidavit, their motion to dismiss, which by the way had like 50 or 60 pages of exhibits on a 2615, which Mr. Ferguson has stated I waive that argument by bringing it up for the first time on appeal and not to nitpick, but it's in our response to the motion to dismiss, and it's on page 614 of the record. So it was raised. It was preserved for appeal. I simply think that the Petrovich case from the Supreme Court is going to control this because it says a tribal issue of fact exists if there's a genuine dispute as to a material fact, and I'm paraphrasing, or if reasonable minds with undisputed facts could draw different inferences from those facts, and I don't think any of us would disagree that two sitting circuit court judges would be the epitome of reasonable minds. I mean these are both... You're making this argument. Do you want to address the fact that the court was that the two judges were ruling on different types of They were ruling on a 2619A with Judge Barch and Judge Balow was ruling on a motion for summary judgment, and they do have different standards but they were both ruling on the same issue of substantial truth, and Judge Balow made the comment when I was arguing in November that Judge Barch's I'm really hesitant to use their names because I know I should refer to it as the court, so can I refer to it as May and January instead of their names? However you want to proceed. You're almost out of time. My point is that it's of record that there was one trial court found genuine issues of material fact. It's of record that it should go to the jury regardless of the standard. It's of record and that Petrovich case then comes in as an umbrella and controls and says based on these two written orders we have a genuine issue of material factor creating a triable issue for the jury. Very well. I believe you've made your point. We'll take this matter under advisement and now stand in recess.